JOHN T. GORMAN
Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111
Facsimile: (671) 472-7120

Attorney for Defendant
JOHNNIE FORTNER

FILED
DISTRICT COURT OF GUAM
JAN 11 2008
JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>JOHNNIE FORTNER,<br>Defendant. | CR 07-00095<br><br>DEFENDANT'S RESPONSE TO UNITED STATES OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS |

Defendant, JOHNNIE FORTNER, by and through counsel, John T. Gorman, Federal Public Defender, respectfully requests this Honorable Court suppress physical evidence seized and statements made during the investigation of this case and files this response to the government's opposition to the defendant's motion to suppress.

**THE REAL ISSUE IN THIS CASE REMAINS THAT ULLOA, DID NOT HAVE THE AUTHORITY TO CONSENT TO THE SEARCH OF HIS PASSENGER, FORTNER'S, PURSES AND BAG.**

Despite the government's contentions in its opposition to Fortner's motion to suppress, the issue here is whether a third party, Ulloa, can consent to a search of a passenger, Fortner's purses and bags located in the trunk of his Miata. It is undisputed that the government has

the burden of establishing the effectiveness of a third party's consent. Illinois v. Rodriguez, 497 U.S. 177 (1990).

The government's reliance on Florida v. Jimeno, 500 U.S. 248 (1991) is misplaced due to a major factual difference. Jimeno involved a driver who gave police permission to search his car following a traffic stop. Two passengers exited the car. The police found a folded brown paper bag on the floorboard, opened it and found a kilo of cocaine. Jimeno claimed his consent to search the car did not extend to the closed paper bag. The Supreme Court upheld the search and ruled that police officers need not separately request permission to search each container, although a suspect may delimit as he chooses the scope of the search to which he consents.

The key factual difference between the instant matter and Jimeno is that here the driver, Ulloa, expressly stated "Everything in the trunk belongs to Johnnie." Ulloa clearly and unambiguously told the police that the trunk's contents were not his. As he explicitly told the police that the purses and bags were not his, Ulloa obviously cannot give permission to search them.

Unlike Jimeno, the Ninth Circuit decision in United States v. Welch, 4 F.3d 761 (1993) is on point and instructive. Welch and her co-defendant, McGee, were gambling at a casino in Las Vegas, Nevada, when authorities became suspicious that they were passing counterfeit bills. McGee gave written consent to a search of a rental car he and Welch had driven to Las Vegas. The authorities found several pieces of luggage and a woman's purse in the trunk of the car. The officers opened the clasped purse and discovered Welch's driver's license and $500 in counterfeit bills. Relying on Jimeno, the magistrate judge denied Welch's motion to suppress and concluded that a reasonable person would have understood McGee's consent to the search of the car to extend to Welch's purse. The Ninth Circuit overruled the magistrate judge and stated that the magistrate judge

had examined the wrong question. As the Ninth Circuit stated, "Rather, the issue is whether McGee had the *authority*, either actual or apparent, to give effective consent to the search of his companion's purse." Id. at 764.

In Welch, the Ninth Circuit detailed the three ways the government can prove the effectiveness of a third party's consent. First, the government can present persuasive evidence of both shared use *and* joint access to or control over a searched area, which would demonstrate actual authority to consent. Second, it can show that the owner of the property to be searched has expressly authorized a third party to give consent to the search. Finally, it may establish consent by means of the "apparent authority doctrine." Id. at 764. The facts here show that the government cannot prove effective consent under any of these three theories.

First, as to actual authority, there is no evidence that at the time of the search the officers reasonably believed that Ulloa had joint access and use of Fortner's purses and bags in the Miata's trunk. Even assuming *arguendo*, that this Court found Ulloa and Fortner had joint access and use of the Miata and that Fortner relinquished, in part, her expectation of privacy in the vehicle, Fortner's purses and bags are another matter entirely. As the Welch court noted:

> The shared control of "host" property does not serve to forfeit the expectation of privacy in containers within that property. *See* United States v. Karo, 468 U.S. 705, 725-27, 104 S.Ct. 3296, 3308-10, 82 L.Ed.2d 530 (1984) (O'Connor, J.,concurring).
>
> Here, there is no question that Welch had a reasonable expectation of privacy in the contents of her purse. Indeed, a purse is a type of container in which a person possesses the highest expectations of privacy. *See* Salinas-Cano, 959 F.2d at 864 (quoting United States v. Block, 590 F.2d 535, 541 (4th Cir. 1978). Therefore, the government must show shared control with respect to the purse as well as to the vehicle if it is to prevail on a mutual use and joint control theory. In this case it cannot do so; there is simply nothing in

> the record demonstrating that McGee had use of, let alone joint access to or shared control over, Welch's purse. *Cf.* Rawlings v. Kentucky, 448 U.S. 98, 105, 100 S.Ct. 2556, 2561, 65 L.Ed.2d 633 (1980) (suspect has no reasonable expectation of privacy in companion's purse). Thus, the first theory is of no avail.

Id. at 764.

The second means of showing effective consent by express authorization merits little discussion as even the government does not contend there was express authorization.

The third way to show authority to consent, apparent authority, is also a dead end for the government. As the Welch court noted:

> Under the apparent authority doctrine, a search is valid if the government proves that the officers who conducted it reasonably believed that the person from whom they obtained consent had the actual authority to grant that consent. However, the doctrine is applicable only if the facts believed by the officers to be true would justify the search as a matter of law. Salinas-Cano, 959 F.2d at 865-66; United States v. Whitfield, 939 F.2d 1071, 1073-74 (D.C. Cir. 1991); United States v. Brown, 961 F.2d 1039, 1041 (2nd Cir. 1992). A mistaken belief as to the law, no matter how reasonable, is not sufficient. *See id.*

Welch at 764-65.

The officers had no reasonable belief that Ulloa had the apparent authority to search Fortner's purses and bags as he clearly and succinctly told them so. "Everything in the trunk belongs to Johnnie" is Ulloa's undisputed declaration.

The government seeks to buttress its case by introducing facts that were unknown to the officers at the time of the search. On pages two and seven of its opposition memorandum, the government offers the following facts. Fortner contacted Ulloa to pick her up. She instructed Ulloa to drive to the rear of the residence to avoid being seen from the roadway. Both Fortner and Ulloa cleared the residence of any evidence of a clandestine lab by placing glass beakers and chemicals

into trash bags. Ulloa dumped the trash bags behind Fortner's house. Both Fortner and Ulloa jointly placed a bag containing a burner, chemicals, and glass containers into the trunk of Ulloa's car.

However, none of these alleged facts were known to the officers at the time of the search. They were supplied by Ulloa during a subsequent investigation.

At the time when the officers searched Fortner's purses and bags in the Miata trunk, the officers knew only that 1) Fortner was one of two passengers in Ulloa's car, and 2) everything in the trunk belonged to Fortner. There is nothing about these facts that would have led a reasonable officer to believe that Fortner had expressly given Ulloa authority to consent to the search of her purses and bags. Nor would any of these facts have caused a reasonable officer to believe that Ulloa shared the use of and had joint access to or control over Fortner's purses and bags and that the search was justified for that reason. This belief would have to be premised on the incorrect legal assumption that the mere presence of Fortner's purses and bags in Ulloa's trunk gave Ulloa control over them or access to their contents or that Ulloa had the right to open her purses and bags without Fortner's permission. This assumption would have been erroneous and would have reflected a mistaken belief as to the law. *See* Karo, 468 U.S. at 725-27, 104 S.Ct. At 3308-10 (O'Connor, J., concurring). Thus, the facts known to the officers at the time of the search do not support an apparent authority theory.

Ulloa's undisputed statement, "Everything in the trunk is Johnnie's" is the stake through the heart of the government's claims that Ulloa had authority to consent to the search of Fortner's purses and bags. Ulloa not only failed to give permission to search Fortner's purses and bags, he actively disavowed any interest or claim in them. Ulloa clearly informed the officers the purses and bags did not belong to him and that they belonged to Fortner. Ulloa's statement placed

the officers on notice that his consent to search did not extend to Fortner's belongings. Ulloa's statement established that Ulloa did not have authority to consent to a search of the purses and bags and any reliance on Ulloa's consent was therefore unreasonable. As Jimeno tells us, it was within Ulloa's rights to define the parameters of the search, and his statement that the purses and bags belonged to Fortner, clearly limited the scope of his consent. See Jimeno, 500 U.S. at 252, 111 S.Ct. At 1804. ("A suspect may of course delimit as he chooses the scope of the search to which he consents."). At a bare minimum, reasonable officers are required to inquire further before assuming that Ulloa's statement authorized the search and seizure of Fortner's belongings.

For all of the above reasons and because the government cannot carry its burden of demonstrating that the consent to search Fortner's purses and bag was valid, that evidence must be suppressed. The evidence seized in the subsequent investigation must also be suppressed as it constitutes fruits of the poisonous tree. Wong Sun v. United States, 371 U.S. 471 (1963).

DATED: Mongmong, Guam, January 11, 2008.

JOHN T. GORMAN
Attorney for Defendant
JOHNNIE FORTNER

## CERTIFICATE OF SERVICE

I, ALEXANDER A. MODABER, hereby certify that a true and exact copy of the foregoing document was filed with U.S. District Court and electronically served by the U.S. District Court Clerk's Office to the following on January 11, 2008:

ROSETTA SAN NICOLAS
Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam 96910

Attorney for Plaintiff
UNITED STATES OF AMERICA


ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
U.S. Probation Office
Districts of Guam and NMI
2nd Floor, U.S. District Court

DATED: Mongmong, Guam, January 11, 2008.

ALEXANDER A. MODABER
Investigator